**Kenny TAYLOR, Plaintiff–Appellant,**

v.

**COMMISSIONER OF NEW YORK CITY DEPARTMENT OF CORRECTIONS, et al., Defendants–Appellees.**

**No. 07–2044–pr.**

United States Court of Appeals, Second Circuit.

March 27, 2009.

---

1. The Honorable Paul A. Crotty, United States District Court for the Southern District of New York, sitting by designation.

Kenny Taylor, Coxsackie, NY, pro se.

Marta Ross, Assistant Corporation Counsel, New York City Law Department, New York, NY, for Defendants–Appellees.

PRESENT: Hon. GUIDO CALABRESI, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, Hon. PAUL A. CROTTY,* District Judge.

### SUMMARY ORDER

Plaintiff–Appellant Kenny Taylor, *pro se,* appeals from the March 7, 2007, 2007 WL 737485, order of the United States District Court for the Southern District of New York (Hellerstein, *J.* ) dismissing his civil rights complaint. We assume the parties' familiarity with the underlying facts and procedural history of the case, as well as with the issues presented on appeal.

We review the district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the non-moving party. *See Tenenbaum v. Williams,* 193 F.3d 581, 593 (2d Cir.1999). Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law," Fed. R.Civ.P. 56(c), *i.e.,* "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Assuming that Taylor has demonstrated a restriction to a constitutionally protected liberty interest, the district court properly dismissed Taylor's complaint. "[R]estrictions on pretrial detainees that implicate a liberty interest protected under the Due Process Clause may not 'amount to punishment of the detainee.'" *Benjamin v. Fraser,* 264 F.3d 175, 188 (2d Cir.2001) (quoting *Bell v. Wolfish,* 441 U.S. 520, 535, 99

_____

* The Honorable Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

S.Ct. 1861, 60 L.Ed.2d 447 (1979)). "Absent a showing of an expressed intent to punish, the determination whether a condition is imposed for a legitimate purpose or for the purpose of punishment · 'generally will turn on whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].'" *Id.* (alteration in original) (quoting *Bell,* 441 U.S. at 538, 99 S.Ct. 1861).

■ The district court correctly determined that there was no evidence in the record demonstrating that Appellees intended to punish Taylor when they sent him to the Central Punitive Segregation Unit ("CPSU"). It was reasonable to isolate Taylor for his own protection and that of the prison population, after he was implicated in an assault against an inmate who subsequently died. *See Hewitt v. Helms,* 459 U.S. 460, 473, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983), *qualified on other grounds by Sandin v. Conner,* 515 U.S. 472, 482–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Taylor's confinement was also not excessive in relation to the purpose of maintaining safety; accordingly, Taylor has not demonstrated that his confinement was so severe as to be tantamount to punishment.

. ■ Because Taylor was confined for administrative purposes, "the minimal procedures outlined in *Hewitt* are all that is required." *Benjamin,* 264 F.3d at 190. That is, "[a]n inmate must merely receive some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation," and the "proceeding must occur within a reasonable time following an inmate's transfer." *Hewitt,* 459 U.S. at 476 & n. 8, 103 S.Ct. 864.

Here, Taylor received "some notice of the charges against him" when he was questioned by Captain Santana after the assault, and was thereafter arrested and sent to CPSU. Taylor also had sufficient opportunity to be heard by a prison official prior to being sent to CPSU, as indicated by his denials and explanations when questioned by Santana. Although Santana did not have authority to transfer an inmate to CPSU, the decision to send Taylor to CPSU was based on Santana's findings, and thus *Hewitt*'s requirements were satisfied.

With respect to Taylor's remaining claims—the denial of the right of access to the courts, the right to counsel, and his right to constitutionally adequate conditions of confinement—the district court correctly determined that he failed to establish that any of the Appellees were personally involved in depriving him of these constitutional rights. *See Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994).

For the foregoing reasons, we AFFIRM the judgment of the district court.